1  BRANDON BROUILLETTE (SBN 273156)
   bbrouillette@crosnerlegal.com
2  RAYMOND WENDELL (SBN 298333)
   rwendell@crosnerlegal.com
3  ZACHARY M. CROSNER, ESQ. (SBN 272295)
   zach@crosnerlegal.com
4  **CROSNER LEGAL, PC**
5  9440 Santa Monica Blvd. Suite 301
   Beverly Hills, CA 90210
6  Tel: (310) 496-5818
   Fax: (310) 510-6429
7
8  Attorneys for Plaintiff, AARON AUSTIN
   As an individual and on behalf of all others similarly situated

9

10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12  AARON AUSTIN, as an individual and on behalf of all others similarly situated, | Case No.:  3:24-cv-01214-AMO |
| 13 | |
| 14          Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| 15 | **1.   Recovery of Unpaid Wages and Liquidated Damages** |
| 16  v. | |
| 17  FLOYD INC., an Illinois Corporation; SUPER EGO HOLDING LLC, an Illinois Limited Liability Company; SUPER EGO INC., an Illinois corporation; SUPER EGO LOGISTICS LLC, an Illinois Limited Liability Company; ROCKET EXPEDITING LLC, an Ohio Limited Liability Company, and DOES 1-100, inclusive, | **2.   Failure to Furnish Accurate Itemized Wage Statements** |
| 18 | **3.   Failure to Timely Pay All Wages Due Upon Separation of Employment** |
| 19 | **4.   Failure to Reimburse Business Expenses** *and* |
| 20 | **5.   Unfair Competition** |
| 21 | |
| 22          Defendants. | <u>**DEMAND FOR JURY TRIAL**</u> |
| 23 | |
| 24 | |

25
26
27
28

Plaintiff, AARON AUSTIN ("PLAINTIFF"), as an individual and on behalf of all others similarly situated Class Members (as defined below), hereby files this Complaint against Defendants FLOYD INC., an Illinois Corporation; SUPER EGO HOLDING LLC, an Illinois Limited Liability Company; SUPER EGO INC., an Illinois corporation; SUPER EGO LOGISTICS LLC, an Illinois Limited Liability Company; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1.    This court possesses original subject matter jurisdiction over this matter. Venue is proper in the County of Alameda pursuant to California Code of Civil Procedure section 395.5 because DEFENDANTS transact business within this judicial district, DEFENDANTS employed PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by PLAINTIFF herein occurred in this this judicial district.

## THE PARTIES

2.    PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California. PLAINTIFF was employed by DEFENDANTS in the State of California as a non-exempt employee that DEFENDANTS misclassified as an independent contractor from on or around August 2022, through on or around December 15, 2022.

3.    PLAINTIFF worked for DEFENDANTS as a driver, professional driver, lease operator, truck driver and/or similar title(s) and/or position(s)), with routes initiated and completed routes in various counties throughout California, including but not limited to, Alameda County. PLAINTIFF was a non-exempt employee of DEFENDANTS but was misclassified as an independent contractor.

4.    DEFENDANT FLOYD INC. is an Illinois Corporation that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

5.    DEFENDANT SUPER EGO HOLDING LLC is an Illinois Limited Liability Company that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

6. DEFENDANT SUPER EGO INC. is an Illinois Corporation that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

7. DEFENDANT SUPER EGO LOGISTICS LLC is an Illinois Limited Liability Company that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

8. DEFENDANT ROCKET EXPEDITING LLC is an Ohio Limited Liability Company that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

9. DEFENDANTS own, operate, or otherwise manage a transportation and/or logistics business.

10. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

11. PLAINTIFF is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

**JOINT LIABILITY**

12.    Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id*. Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

13.    During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

14.    PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations/facilities and subjected all of the Class Members to these same policies

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is informed and believes that: (1) there is common ownership in, and financial control, in DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control over the day-to-day operations and employment matters, including the power to hire and fire, set schedules, issue employee policies, and determine rates of compensation across its locations in California; (3) DEFENDANTS utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements; (4) DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee employment matters; and, (6) DEFENDANTS share employees.

15.    PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members. For example, based on information and belief, DEFENDANTS issued pay checks and/or wage statements to PLAINTIFF and other Class Members that identify "Floyd Inc.," "Floyd Logistics," and/or "Rocket Expediting, LLC" as the legal name of the employer entity.  However, based on information and belief, DEFENDANTS required PLAINTIFF to drive a vehicle displaying the name "Floyd Logistics," "Floyd Inc." and/or "Rocket Expediting, LLC" while also requiring PLAINTIFF to utilize trailers and/or other equipment identifying the name "Super Ego Holding" and/or "Super Ego." Moreover, based on information and belief, DEFENDANTS, and each of them, maintain the same corporate/company headquarters, maintain the same agent for service of process and/or maintain the same principal place of business as provided to the Illinois Secretary of State and/or utilize some of the same attorneys and/or human resources personnel to oversee employment-related matters.

16.    As such, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, pay rates, time-keeping practices, reimbursement

of business expenses and/or other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. Upon information and belief, DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the details of their compensation and the policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the pay rates of PLAINTIFF and Class Members.

17.     Thus, DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seeks relief in this Complaint.

18.     PLAINTIFF is informed and believes that DEFENDANTS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other Class Members.

## CLASS ALLEGATIONS

19.     PLAINTIFF brings this action on behalf of himself, and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All individuals who currently or formerly worked for DEFENDANTS in California at any time within the four years prior to the filing of the initial Complaint ("Class Period").
>
> a.  Numerosity. While the exact number of Class Members is unknown to PLAINTIFF at this time, the Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the Class consists of at least 100 individuals.
>
> b.  Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues.

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Common questions include, but are not limited to, the following: (1) whether DEFENDANTS misclassified Class Members as independent contractors when they are in fact, non-exempt employees; (2) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and straight time wages, under California law; (3) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (4) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (5) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (6) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq*.

c. <u>Ascertainable Class.</u> The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, misclassification of non-exempt employee as independent contractors, failure to calculate and pay all owed wages, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to

1    vigorously prosecute this case.

2    f.    <u>Superiority.</u>  A class action is superior to other available means for the fair and

3    efficient adjudication of this controversy since individual joinder of all members

4    of the class is impractical. Class action treatment will permit a large number of

5    similarly situated persons to prosecute their common claims in a single forum

6    simultaneously, efficiently, and without the unnecessary duplication of effort

7    and expense that numerous individual actions would engender.  Furthermore, as

8    the damages suffered by each individual member of the Class may be relatively

9    small, the expenses and burden of individual litigation would make it difficult

10   or impossible for individual members of the Class to redress the wrongs done to

11   them, while an important public interest will be served by addressing the matter

12   as a class action. The cost to the court system of adjudication of such

13   individualized litigation would be substantial. Individualized litigation would

14   also present the potential for inconsistent or contradictory judgments. Finally,

15   the alternative of filing a claim with the California Labor Commissioner is not

16   superior, given the lack of discovery in such proceedings, the fact that there are

17   fewer available remedies, and the losing party has the right to a trial de novo in

18   the Superior Court.

19                        **FACTUAL AND LEGAL ALLEGATIONS**

20   20.    During the Class Period, PLAINTIFF, and each of the Class Members, were

21   employed by DEFENDANTS in the State of California.  At all relevant times, PLAINTIFF and the

22   Class Members were non-exempt employees of DEFENDANTS that DEFENDANTS willfully

23   misclassified as independent contractors to evade California wage and hour laws. At all times

24   referenced herein, DEFENDANTS exercised control over PLAINTIFF and each of the Class

25   Members and suffered and/or permitted them to work.

26   21.    PLAINTIFF worked for DEFENDANTS as a driver, professional driver, lease

27   operator, truck driver and/or similar title(s) and/or position(s) from in or around August 2022

28   through in or around mid-December 2022. DEFENDANTS provide transportation/logistics

services. PLAINTIFF completed routes for DEFENDANTS in various counties throughout California, including but not limited to, Alameda County. DEFENDANTS compensated PLAINTIFF on a per load basis irrespective of the number of hours worked daily or weekly. At all relevant times, PLAINTIFF and the Class Members were non-exempt employees of DEFENDANTS that DEFENDANTS willfully misclassified as independent contractors to evade California wage and hour laws.

22.    To qualify as an independent contractor under California law, (a) the worker must be free from the employer's control and direction in the performance of the work, both under the contract for the performance of the work and in fact; (b) the work performed must be outside the usual course of the employer's business; and (c) the worker must not be customarily engaged in an independently established trade, occupation, or business of the same nature as the work he performed for employer. *Dynamex Operations West, Inc. v. Superior Court* (2018) 4 Cal.5th 903; Labor Code Section 2775. All three conditions must be met, or the worker has been misclassified. The worker is presumed to be an employee unless the employer/hiring entity can show that all three conditions are met.

23.    Despite DEFENDANTS' efforts to evade California wage and hour laws by setting up an alleged contractor scheme, the reality is that PLAINTIFF and the Class Members are and were, in fact, at all relevant times, employees according to the law, in that: (a) PLAINTIFF and the Class Members are/were not free from DEFENDANTS' control and direction in the performance of work, both under the contract for the performance of the work and in fact; (b) the work PLAINTIFF and the Class Members perform/performed work is/was entirely within the usual course of DEFENDANTS' business; and (c) PLAINTIFF and the Class Members are not/were not customarily engaged in an independently established trade, occupation, or business of the same nature as the work they perform/performed for DEFENDANTS.

a.    <u>PLAINTIFF and Class Members are/were not free from DEFENDANTS' control and direction in the performance of work, both under the contract for the performance of the work and in fact</u>. DEFENDANTS control and direct PLAINTIFF's and other Class Members' work. First, DEFENDANTS scheduled pickup and delivery of PLAINTIFF's loads. DEFENDANTS instructed

PLAINTIFF on how to deliver loads. DEFENDANTS controlled the assignments PLAINTIFF would receive, the amount PLAINTIFF was paid, and the locations PLAINTIFF worked. For example, based on information and belief, DEFENDANTS determined the rate per load, which was negotiated by DEFENDANTS and unchangeable by PLAINTIFF, and DEFENDANTS required PLAINTIFF and/or other Class Members to affix DEFENDANTS' company name on their vehicles and trailers. Based on information and belief, DEFENDANTS supplied PLAINTIFF with a place to park his vehicle and/or the trailers and/or other equipment with which to perform his assigned job duties. Based on information and belief, if PLAINTIFF was late for his scheduled pickups or deliveries PLAINTIFF would be subject to disciplinary action by DEFENDANTS, including but not limited to, a reduction in the number of routes assigned and/or assignment of less desirable routes.  DEFENDANTS hired PLAINTIFF without any set end date for his services. PLAINTIFF's term of employment with DEFENDANTS was indefinite, and PLAINTIFF could have been terminated by DEFENDANTS at will (which happened) or quit at any time. DEFENDANTS required that PLAINTIFF report to a Floyd/Floyd Logistics, Rocket Expediting, and/or Super Ego Holding/Super Ego Supervisor, who kept tabs on PLAINTIFF and directed PLAINTIFF's work on an ongoing, day-to-day basis. Based on information and belief, PLAINTIFF and other Class Members were required to report to DEFENDANTS on a daily basis and provide updates on the number of loads completed for the day. As a result, DEFENDANTS controlled and directed PLAINTIFF's and continue to control and direct other Class Members' work.

   b.    The work PLAINTIFF and the Class Members perform/performed work is/was entirely within the usual course of the DEFENDANTS' business of providing trucking/transportation services. DEFENDANTS are in the business of providing trucking/transportation services, and PLAINTIFF and Class Members work/worked in various positions including but not limited to truck drivers in order to conduct DEFENDANTS' business. The work that PLAINTIFF and the Class Members perform/performed is/was therefore not a distinct occupation or an incidental or tangential part of DEFENDANTS' operations, but rather is/was central to DEFENDANTS' business.

   c.    PLAINTIFF and the Class Members are not/were not customarily engaged in an

independently established trade, occupation, or business of the same nature as the work they perform/performed for DEFENDANTS. Instead, DEFENDANTS required PLAINTIFF and other Class Members to present themselves as workers for DEFENDANTS. PLAINTIFF and the Class Members do not/did not incur profits or losses; instead, DEFENDANTS manage/managed the business operation, attract/attracted any investors and customers, advertise/advertised to potential customers/clients and secure/secured customers/clients. PLAINTIFF and the Class Members do not/have not made any capital investment in any of DEFENDANTS' facilities or advertising or DEFENDANTS' electronic systems. Moreover, as explained above, DEFENDANTS required Class Members to affix DEFENDANTS' company name on their trucks/vehicles and/or use trailers supplied by DEFENDANTS identifying DEFENDANTS' company name, and Class Members were required to represent themselves as Floyd/Floyd Logistics, Rocket Expediting, and/or Super Ego Holding/Super Ego when arriving at and/or checking in at their various assignments. Nevertheless, DEFENDANTS unilaterally label PLAINTIFF and other Class Members as independent contracts and requires them to enter into contracts labeling them as such, when they in fact, are not independent contractors.

24. Based on the work relationship described above, PLAINTIFF and the Class Members were at all relevant times DEFENDANTS' non-exempt employees – not independent contractors. Thus, DEFENDANTS' conduct constitutes an intentional, willful pattern and/or practice of misclassification.

25. DEFENDANTS willfully misclassified and continue to willfully misclassify PLAINTIFF and the Class Members as independent contractors in an attempt to evade California labor laws that protect employees, including but not limited to, minimum and straight time wage and sick pay laws, expense reimbursement requirements, and wage statement requirements. Because DEFENDANTS improperly classified PLAINTIFF as an independent contractor rather than as a non-exempt employee, PLAINTIFF was not properly and fully compensated for all hours worked, as PLAINTIFF was not paid all owed minimum and straight time wages for all hours worked. Also, based on information and belief, Class Members were required to use their personal cell phones, pay for data plan usage and/or internet and/or use their personal vehicles for work purposes, pay for

fuel costs and vehicle and/or equipment maintenance, purchase, maintain, and/or repair tools and/or equipment and were charged fees for dispatch services and/or other administrative services and/or for the use of tools and/or equipment required to perform the job duties DEFENDANTS assigned to Class Members. DEFENDANTS did not reimburse Class Members for these expenses. Based on information and belief Class Members were required to incur business related expenses that they were not reimbursed for, including but not limited to, costs associated with being required to use their personal vehicles and/or vehicle-related expenses incurred in the performance of their job duties, personal cell phones, and purchase and/or maintain their own hand tools/equipment and/or uniforms and/or protective/safety equipment. Additionally, DEFENDANTS failed to provide accurate, itemized wage statements (and/or any wage statements at all) to PLAINTIFF and other Class Members.

26.     As part of its misclassification scheme, DEFENDANTS have failed and continue to fail to pay Class Members all owed minimum wages and straight time wages and continue to fail to reimburse Class Members for business expenses and failed and continue to fail to furnish accurate itemized wage statements to Class Members.

27.     **Unpaid Minimum and Straight Time Wages**. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum and straight time wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, DEFENDANTS' willful misclassification scheme as explained herein.

28.     DEFENDANTS willfully misclassified PLAINTIFF and continues to willfully misclassify Class Members as independent contractors to evade California's minimum wage laws.

29.     DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum and straight time wages.

30.     For example, DEFENDANTS suffered and permitted PLAINTIFF and Class Members to work off the clock without the payment of wages, as DEFENDANTS failed to record the number of hours worked and failed to instruct PLAINTIFF and other Class Members to record their hours worked and further failed to provide any way for them to record their hours worked.

PLAINTIFF and other Class Members were not compensated for all time worked, including but not limited to, time spent making pre-trip and post-trip inspections, time spent fueling, cleaning, setting up, time spent completing paperwork, loading, unloading, all waiting and/or standby time between jobs and tasks and/or all time spent driving between delivery locations, time spent communicating with DEFENDANTS, including but not limited to, time spent updating DEFENDANTS as to the status of deliveries, time spent communicating with DEFENDANTS regarding deliveries and/or scheduling and/or other work tasks and/or time spent returning equipment to DEFENDANTS' facilities/yards. For example, on information and belief, at times, DEFENDANTS paid Class Members on a strictly piece-rate basis (e.g., per load/per delivery/per mile/per trip/per day), at least during some pay periods, during the relevant time period. However, as explained above, DEFENDANTS failed to separately compensate Class Members for all non-piece rate related activities/all non-productive time, including but not limited to, all pre-trip and post-trip inspections, waiting time, fueling, cleaning, setting up, time spent completing paperwork, loading, unloading, waiting between jobs and tasks, and/or performing work duties that otherwise fall outside of the piece-rate pay criteria. DEFENDANTS' failure to separately compensate Class Members for their non-productive time and/or failure to compensate them at the correct rates for all non-productive time resulted in the failure to pay Class Members for all hours worked and violations of California wage and hour laws, including but not limited to, Labor Code sections 226.2 and/or 1197. Based on information and belief, DEFENDANTS further failed to include this information on these employees' wage statements required by Labor Code section 226.2.

31.    As such, PLAINTIFF and other Class Members were not paid for all work time. DEFENDANTS were and are required to pay PLAINTIFF and other Class Members minimum wages for all time worked.  DEFENDANTS failed and continue to fail to ensure that PLAINTIFF and other Class Members receive the applicable minimum wage for all hours worked. Instead, DEFENDANTS paid PLAINTIFF and other Class Members per load basis regardless of how many hours they worked, thereby depriving Class Members of all owed minimum wages, and all owed straight time wages.

32.    Moreover, by charging PLAINTIFF and other Class Members with fees for,

13

including but not limited to, dispatch services and/or other administrative services and/or tools/equipment required to perform their jobs, DEFENDANTS deprived PLAINTIFF and other Class Members of allowed minimum wages for all hours worked. For example, at times DEFENDANTS deducted fees and/or costs from PLAINTIFF's paycheck, thereby depriving him of all owed wages. Based on further information and belief, DEFENDANTS have a policy and practice of deducting percentages of the price of each load transported to reduce load rates, resulting in unlawful deductions, unreimbursed business expenses, and the underpayment of all wages owed, including but not limited to straight time wages, owed to Class Members.

33. **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to provide PLAINTIFF and other Class Members with accurate wage statements that complied with Labor Code section 226. DEFENDANTS either failed/fails to provide wage statements at all or failed/fails to provide wage statements containing all statutorily required information pursuant to Labor Code section 226.

34. To the extent wage statements were issued at all, the wage statements failed to indicate the earned gross and net wages earned during the pay period, the correct applicable rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members (by virtue of DEFENDANTS' willful misclassification scheme and payment based on a per load rate regardless of the number of hours worked and/or other unlawful policies and practices described above) which results in a violation of Labor Code section 226(a).

35. To the extent any wage statements were provided, the wage statements fail to indicate the "total hours worked" by PLAINTIFF and other Class Members.

36. Moreover, to the extent wage statements were provided, they fail to include all gross and net wages earned, fail to include the number of piece-rate units earned and any applicable piece rate pay, fail to include all deductions, fail to include the inclusive dates of the pay period, fail to include any applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code section 226(a).

37. Moreover, based on information and belief, to the extent any wage statements were provided, they fail to list the correct name and/or address of the legal entity that is the employer, in

violation of Labor Code section 226(a)(8).

38.    Based on information and belief, DEFENDANTS failed to separately compensate Class Members for non-productive time and/or failure to compensate them at the correct rates for all non-productive time when such employees were paid on a piece rate basis, resulting in unpaid wages and violations of Labor Code section 226.2, and further failed to include this information on these employees' wage statements (to the extent any wage statements were provided) as required by Labor Code section 226.2.

39.    As a result, to the extent DEFENDANTS provided wage statements to PLAINTIFF and Class Members, the wage statements were not accurate and did not include all of the statutorily required information. As DEFENDANTS either failed to issue wage statements at all and/or failed to provide wage statements containing all statutorily required information pursuant to Labor Code section 226, DEFENDANTS violated Labor Code section 226.

40.    **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due and owing upon termination or resignation. Based on information and belief, DEFENDANTS untimely provide final wages to Class Members without regard to the timing requirements of Labor Code sections 201-202.

41.    Upon separation of employment, Class Members' final paychecks were not timely provided and/or were not timely provided with all owed vacation pay and/or paid time off. Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all wages owed as they were devoid of, including but not limited to, all owed minimum wages, straight time wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

42.    Moreover, DEFENDANTS failed to timely provide all owed wages immediately upon discharge of employment. For example, at times, Class Members experienced breaks in their employment caused by DEFENDANTS whereby Class Members would not be called in for work for longer than a single pay period due to including but not limited to DEFENDANTS' lack of work or lack of assignments.  Such instances qualify as a discharge of employment. Yet, DEFENDANTS

failed to timely pay all owed wages at the end of such periods of employment, in violation of including but not limited to Labor Code section 201-202.

43.     These violations subject DEFENDANTS to civil penalties under Labor Code section 203, 210, and/or 256.

44.     **Unreimbursed Business Expenses**. Based on information and belief, DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct consequence of the performance of their job duties without providing reimbursement, in violation of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members were improperly required to provide and maintain work tools that are supposed to be the responsibility of the employer.

45.     Based on information and belief, DEFENDANTS shifted the costs of doing business onto Class Members by requiring them to pay for business expenses, including but not limited to, uniforms and/or use of PLAINTIFF's and other Class Members' cellphone and data usage and/or cost of internet, vehicle mileage and related expenses. For example, based on information and belief, PLAINTIFF used his personal mobile phone to receive and respond to work-related messages and/or phone calls. Based on information and belief other Class Members used/use their personal mobile phones to communicate with DEFENDANTS either via phone call and/or text message about scheduling and/or other work tasks.

46.     PLAINTIFF and other Class Members were also required to use their personal vehicles and/or trucks and/or other tools to complete deliveries for DEFENDANTS without reimbursement for these expenses including for mileage, gas, and other costs related to the use of a personal vehicle and/or personal tools. For example, PLAINTIFF was required to use his personal vehicle to drive his routes/ make deliveries for DEFENDANTS and was required to pay for all fuel costs and truck and/or equipment maintenance out of pocket without any and/or full reimbursement from DEFENDANTS for these business expenses.

47.     Based on information and belief, Class Members were required to use their personal cell phones, pay for data plan usage and/or internet and/or use their personal vehicles/trucks for work purposes, pay for fuel costs and vehicle and/or equipment maintenance, supply their own tools

and/or equipment and were charged fees for dispatch and/or other administrative services and/or for the use of tools and/or equipment required to perform the job duties DEFENDANTS assigned to Class Members. DEFENDANTS did not reimburse Class Members for these business expenses. Based on information and belief Class Members were required to incur business related expenses that they were not reimbursed for, including but not limited to, costs associated with being required to use their personal vehicles, personal cell phones, and purchase and/or maintain their own hand tools/equipment and/or uniforms and/or protective/safety equipment.

48. As a pattern and practice, DEFENDANTS regularly failed to reimburse and indemnify PLAINTIFF and other Class Members for these business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and other Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out orders by their employer and/or carrying out the duties assigned by their employers.

49. PLAINTIFF and other Class Members were improperly required to pay for business expenses that are supposed to be the responsibility of DEFENDANTS, including but not limited to, cellphone/data plan charges, costs of uniforms and/or protective/safety equipment, costs associated with having to use their personal vehicles, including but not limited to mileage, and/or other tools for work related purposes.

50. Based on information and belief, DEFENDANTS regularly failed to reimburse and indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by DEFENDANTS.

51. DEFENDANTS' failure to provide Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

52. PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices and that DEFENDANTS applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION
### Recovery of Unpaid Wages and Liquidated Damages
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

53. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

54. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

55. DEFENDANTS suffered and permitted PLAINTIFF and the Class Members to work off the clock without wages, including but not limited to pre-shift and post-shift off-the-clock work as well as other off-the-clock work described above. .

56. DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and Class Members for all hours worked.

57. Moreover, as explained above, DEFENDANTS had and continue to have a policy and practice of unlawfully deducting wages from PLAINTIFF and Class Members' paychecks, such as, but not limited to, unlawful deductions for costs and/or fees for dispatch services and/or other administrative services and/or other fines and/or fees, resulting in violations of California wage and hour laws, including but not limited to, Labor Code sections 224 and 1197.

58. Moreover, as explained above, DEFENDANTS' failure to separately compensate Class Members for their rest periods and/or other non-productive time and/or failure to compensate them at the correct rates for all non-productive time including rest periods resulted in the failure to pay Class Members for all hours worked and violations of California wage and hour laws, including

1 but not limited to, Labor Code sections 226.2 and 1197.

2     59.    Based on information and belief, DEFENDANTS had actual or constructive

3 knowledge that its policy and practice of misclassifying non-exempt employees as independent

4 contractors, its unlawful deductions of wages, its policy and practice of payment according to

5 scheduled work time rather than actual work time, and/or other mandated off-the-clock work

6 resulted in the underpayment of minimum wages and straight time wages owed to PLAINTIFF and

7 other Class Members.

8     60.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class

9 Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus

10 attorney's fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

13     61.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

14     62.    Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the

15 Class

16 Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized

17 wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of  his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

27     63.    Due to violations detailed above, including but not limited to, DEFENDANTS'

28 failure to pay straight time wages and minimum wages for all hours worked including non-

productive time when paid on a piece rate basis, and failure to pay all sick leave wages at the proper rates, DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct applicable rates of pay for all hours worked.

64.     As explained above, to the extent any wage statements were issued at all, wage statements issued by DEFENDANTS failed to list the "total hours worked" by PLAINTIFF and Class Members (by virtue of DEFENDANTS' willful misclassification scheme, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices all described in greater detail *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v. Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337). Additionally, to the extent any wage statements were provided, DEFENDANTS failed to issue accurate wage statements in accordance with Labor Code section 226, by issuing wage statements that failed to list the total hours of compensable non-productive time, and the total hours of rest and/or recovery periods, the rate of compensation for the non-productive time and/or rest/recovery periods, and the gross wage earned for the non-productive time and for the rest/recovery periods during the pay period for which the Class Members were paid on a piece rate basis, in violation of Labor Code section 226.2.

65.     Based on information and belief, to the extent wage statements were provided, they fail to include the number of piece-rate units earned and any applicable piece-rate, fail to include all deductions, fail to include the inclusive dates of the pay period, fail to include any applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As such, DEFENDANTS violated Labor Code section 226(a).Separately, and independent from the above allegations, as explained above, to the extent DEFENDANTS issued wage statements to PLAINTIFF and Class Members the wage statements failed to list the correct name and/or address of the legal entity that is the employer, in violation of Labor Code section 226(a)(8).

66.     DEFENDANTS' failure to issue wage statements at all and/or accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to

1   cause confusion to other Class Members over whether they received all wages owed to them.

2        67.    As a result, PLAINTIFF and other Class Members have suffered injury as they could

3   not easily determine whether they received all wages owed to them and whether they were paid for

4   all hours worked.

5        68.    Moreover, as a result of DEFENDANTS' failure to list the correct name and/or

6   address of the legal entity that is the employer, PLAINTIFF and Class Members have suffered injury

7   as they could not contact their employer regarding any question(s) they had about wages paid.

8        69.    DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and

9   Class Members with accurate, itemized wage statements.

10       70.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members

11  have suffered injury. The absence of accurate information on their wage statements has prevented

12  earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and

13  mathematical computations to determine the amount of wages owed, and will cause difficulty and

14  expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the

15  submission of inaccurate information about wages and amounts deducted from wages to state and

16  federal government agencies. As a result, PLAINTIFF and Class Members are required to

17  participate in this lawsuit and create more difficulty and expense from having to reconstruct time

18  and pay records than if DEFENDANT had complied with its legal obligations.

19       71.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members

20  are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226

21  violation occurred and one hundred dollars per employee per violation for each subsequent pay

22  period, not to exceed an aggregate penalty of four thousand dollars per employee.

23       72.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are

24  entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with

25  California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to

26  provide currently employed Class Members with inaccurate wage statements in violation of

27  California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy

28  for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful

conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor Code § 226(a).

73.     Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

### THIRD CAUSE OF ACTION
**Failure to Timely Pay All Wages Due Upon Separation of Employment**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

74.     PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

75.     California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

76.     California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment,  his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of  his or her intention to quit, in which case the employee is entitled to  his or her wages at the time of quitting."

77.     Based on information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, straight time wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

78.     Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

### FOURTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

79.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

80.    California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

81.    Among other things, under California law, when employees must use their personal cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

82.    As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

83.    DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

84.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

85.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

### FIFTH CAUSE OF ACTION
#### Unfair Competition
#### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

86. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

87. DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and straight time wages by virtue of its illegal policies and practices; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANTS' willful misclassification of Class Members as independent contractors when they were/are in fact non-exempt employees and off-the-clock work policies and practices).

88. Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that properly classify its non-exempt employees as nonexempt, properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed wages and during employment and due upon separation of employment of their employees.

89. As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq*., PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

90. PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

91.    PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq*., of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated:  February 10, 2025                **CROSNER LEGAL, PC**

By: _____
Zachary M. Crosner, Esq.
Brandon Brouillette, Esq.
Raymond Wendell, Esq.
Attorneys for Plaintiff
AARON AUSTIN

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury on all claims so triable.


Dated:  February 10, 2025                                    **CROSNER LEGAL, PC**


By: _____
                                              Zachary M. Crosner, Esq.
                                              Brandon Brouillette, Esq.
                                              Raymond Wendell, Esq.
                                              Attorneys for Plaintiff
                                              AARON AUSTIN